UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re Subpoena directed to Donna Kenney in the matter of:

DANA DUGGAN, Individually,
*and on behalf of persons similarly situated,*   Misc. No. 22-MC_____(____)

    Plaintiff,

v.

MATT MARTORELLO and EVENTIDE CREDIT ACQUISITION, LLC,

    Defendants.

Case No. Civ. A. No. 18-cv-12277-JGD
(District of Massachusetts)

_____/

**CERTIFICATE OF COMPLIANCE
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO QUASH SUBPOENA TO DONNA KENNEY**

**CERTIFICATE OF COMPLIANCE PURSUANT TO
WD MICH LCivR 7.2(b)(iii)**

Pursuant to Western District of Michigan Local Civil Rule 7.2 (b)(iii)(c), the undersigned certifies that, according to the Microsoft Word for MAC, version 16.67, word-processing software used to create them, the document entitled "Memorandum of Law in Support of Motion to Quash Subpoena to Donna Kenney" submitted herewith comprises 4862 words (exclusive of the caption,

but inclusive of the signature block), and thus complies with the 10,800-word limit prescribed by Western District of Michigan Local Civil Rule 7.2 (b)(i).[1]

                Respectfully submitted,

                By: /s/ Frederick M. Baker, Jr. (P25415)
                Frederick M. Baker, Jr., PLLC
                Co-counsel for Donna Kenney
                200 Washington Square North
                Suite 400
                Lansing, MI 48933
                (517) 220-2372 or 318-6190
                fmbjrpllc@outlook.com

Dated: December 2, 2022

---

[1] A motion to quash a subpoena directed to a non-party is a "dispositive motion" under WD LCivR 7.2(a), and, therefore, subject to the provisions of WD LCivR 7.2(b). While "[a] motion to quash a subpoena is usually a nondispositive matter," courts treat them as dispositive, "where, as here, the decision would dispose of the entire matter at issue in this case." *Luppino v. Mercedes–Benz Financial Servs. USA, LLC*, No. 13–50212, 2013 WL 1844075, at *3 (E.D.Mich. Apr. 11, 2013), citing *Hartford Fire Ins. Co. v. Transgroup Express, Inc.*, No. 09–3473, 2009 U.S. Dist. LEXIS 78982, at *2–3, 2009 WL 2916832 (N.D. Ill. Sept. 1, 2009). *See also EEOC v. Nestle Prepared Foods*, Civ. A. No. 11–358, 2012 WL 1888130, at *4–5 (E.D. Ky. May 23, 2012) ("Because the EEOC's motion to enforce the subpoena sets forth all of the relief requested in this matter, the Court views it as a dispositive motion.").

    Accord *In re: Administrative Subpoena Blue Cross Blue Shield of Mass.*, 400 F Supp2d 386, 388-389 (D. Mass 2005) (The Court treated a motion to quash a non-party subpoena as dispositive, observing that "[m]any courts have treated similar motions to enforce or quash administrative subpoenas, or the like, as dispositive motions for purposes of review where the matter involving the subpoena constitutes the entire case before the court.") (collecting cases).