# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re Subpoena directed to Donna Kenney in the matter of:

DANA DUGGAN, Individually,
*and on behalf of persons similarly situated,*   Misc. No. 22-MC_____(____)

    Plaintiff,

v.

MATT MARTORELLO and EVENTIDE CREDIT ACQUISITION, LLC,

    Defendants.

Case No. Civ. A. No. 18-cv-12277-JGD
(District of Massachusetts)
_____/

**DECLARATION OF DONNA KENNEY**

    Pursuant to 28 U.S. Code § 1746, I, Donna Kenney, declare as follows based on my own personal knowledge:

1. I am a resident of Marenisco, Michigan, in Gogebic County, and reside at N10137 East Shore Road. I am over the age of 18 years, and have capacity to testify to the facts stated herein.

2. I am currently employed in Marinesco, Michigan, by Marenisco Township as Township Clerk.

3. Prior to my employment with Marinesco Township, I was employed as an Office Manager from approximately June 2012 through July 2017 by Duck Creek Tribal Financial, LLC ("Duck Creek"), and its successor entity, Big Picture Loans, LLC (Big Picture"), which became

Big Picture Loans, LLC, in approximately January 2016. (I will refer to Duck Creek and Big Picture collectively as "Big Picture Loans" in this Declaration). At all relevant times, Big Picture Loans was a tribal entity formed under the laws of the Lac Vieux Desert Band of Lake Superior Chippewa Indians, a federally recognized sovereign Indian tribe with reservation lands near Watersmeet, Michigan.

4. I resigned from my employment with Big Picture Loans in the summer of 2017 to take a position with Marinesco Township, where I remain employed currently.

5. When I resigned from Big Picture Loans, I neither took nor retained in my possession any corporate records or documents pertaining to my employment there, and at this time I neither have access to, nor do I possess, any such records or documents.

6. Any knowledge I may still possess concerning the business dealings of Big Picture Loans would be based solely on my recollection of matters that occurred five or more years ago, during the course of my employment with Big Picture Loans prior to my resignation.

7. On or about November 9, 2022, I received a subpoena to appear for my deposition to be taken on December 1, 2022, in Iron Mountain, Michigan. It is my understanding that the date of compliance in the subpoena was later extended by agreement of counsel until December 2, 2022.

8. Attached to my Declaration as **Exhibit 1** is a true and correct copy of the subpoena I received on or about November 9, 2022, that is the subject of this matter, including a cover letter that accompanied the subpoena from the lawyer who issued it.

I declare under penalty of perjury that the foregoing is true and correct. Executed this day on December 2, 2022.

*Donna Kenney*
Donna Kenney

# EXHIBIT 1

# NATIONWIDE LEGAL

PROCESS INSTRUCTIONS
PHONE (213) 249-9999
FAX (213) 249-9990

**LA327717**

Server: UNASSIGNED

033 - SPECIAL PROCESS (IMMEDIATELY)



| FIRM NAME: & ADDRESS: | CUST #: LA167 | COURT: |
|---|---|---|
| NATIONWIDE LEGAL LLC<br>1609 JAMES M. WOOD BLVD<br>LOS ANGELES, CA 90015 | DUE DATE #: 11/22/2022<br>HEARING DATE #: 12/1/2022 | LOS ANGELES COUNTY SUPERIOR COURT<br>111 N. HILL STREET, LOS ANGELES, CA 90012-3117<br>CASE# 1:18-CV-12277 JGD<br>CASE TITLE: DANA DUGGAN, et al. VS. MATT MARTORELLO, et al. |

CONTACT: LaTanya Mills (213) 249-9999 X 1214
(213) 249-9990 fax
BILLING / FILE #: 233953-10004
DATE / RECEIVED: 11/2/2022

INSTRUCTIONS: ADVANCE FEES

Servee: **Donna Rae Kenney**

Business Address:
N10137 E SHORE RD
MARENISCO, MI 49947

**RUSH**

Documents:
LETTER; SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Personal Service Only

ADVANCE $98.00

| DATE | TIME | DRIVER # | NOTES FROM SERVER(S) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Physical Description:
Age:        Height:       Skin:       Hair:
Sex:        Weight:       Eyes:
Marks:

☐ Personal Service
☐ Substituted Service
☐ Not Served

Served To: _____
Served At: _____

Title/Rel: _____
Date: _____
Time: _____
Server: _____

order #: LA327717/WORKP

RECEIVE:   NO.1096         11/03/2022/THU 08:19PM         Gogebic CO Sheriff



BETHANY D. SIMMONS
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4982
Main 212.407.4000
Fax 646.924.3681
bsimmons@loeb.com

Via Hand Delivery

November 2, 2022

Donna Rae Kenney
N10137 E. Shore Rd.
Marenisco, MI 49947

Re: Deposition

Dear Ms. Kenney:

We represent Matthew Martorello and Eventide Credit Acquisitions, LLC in litigation pending in Massachusetts federal court, captioned *Duggan v. Martorello, et al.*, No. 1:18-cv-12277-JGD, as well as cases pending elsewhere. In the discovery process, we learned that you may have information relevant to these cases, and we would like to take your deposition.

Accordingly, we have enclosed a subpoena to you to testify as a third-party fact witness in order to learn more about what you know regarding the subject matter of these cases. Although we have scheduled your deposition for Thursday, December 1, 2022, beginning at 9:00 a.m. CST, we are happy to work with you to make this process as easy as possible, including finding an amenable date sometime in the second half of November or first half of December, and invite you to reach out prior to this date if you have questions about the timing of your deposition so that we might amend the subpoena. While we have noticed the deposition for AmericInn by Wyndham, 2005 S. Stephenson Ave., Iron Mountain, MI 49801, you would be able to participate in the deposition from wherever you choose, as we plan to take the deposition via Zoom. That said, to the extent you are unable to proceed via Zoom, please also let us know right away so that we can make appropriate arrangements.

Sincerely,

Bethany D. Simmons
Partner

Enclosure

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

23085655.1
233953-10004

RECEIVE:   NO.1096                    11/03/2022/THU 08:19PM                    Gogebic CO Sheriff

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | |
|---|---|
| DANA DUGGAN, et al. <br> *Plaintiff* <br> v. <br> MATT MARTORELLO, et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:18-cv-12277-JGD <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Donna Rae Kenney, N10137 E. Shore Road, Marenisco, Michigan, 49947

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: <br> AmericInn by Wyndham, 2005 S Stephenson Ave. <br> Iron Mountain, MI 49801 | Date and Time: <br> December 1, 2022 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method: Stenographic, audio, and/or videographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/1/2022

CLERK OF COURT

_____          OR          *[signature]*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Matt Martorello and Eventide Credit Acquisitions, LLC, who issues or requests this subpoena, are: Michael J. Leard, Nutter McClennen & Fish LLP, 155 Seaport Blvd., Boston, MA 02210, T: 617.439.2000, Email: mleard@nutter.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FocusWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

